UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AARON HERNANDEZ,

        Petitioner,               Case No. 2:14-cv-21

v.                                     Honorable R. Allan Edgar

MICHIGAN PAROLE BOARD et al.,

        Respondents.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.[1] If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss Petitioner's Fourteenth Amendment due process claims because they fails to raise a meritorious federal claim. The Court also will dismiss the Michigan Parole Board, Jane Price and Amy Bonito without

---

[1] The Rules Governing § 2254 Cases also apply to habeas corpus actions brought under 28 U.S.C. § 2241 by prisoners challenging state court judgments. *See* Rule 1(b), RULES GOVERNING § 2254 CASES.

prejudice because they are not proper Respondents to this action. Respondent Tribley will be ordered to answer the petition with regard to Petitioner's First and Fifth Amendment claims.

**Factual Allegations**

Petitioner, who is represented by counsel in this action, is incarcerated at the Ojibway Correctional Facility. He pleaded guilty in the Wayne County Circuit Court to assault with intent to do great bodily harm less than murder, MICH. COMP. LAWS § 750.84, and first-degree home invasion, MICH. COMP. LAWS § 750.110a(2). On August 6, 2008, the trial court sentenced Petitioner to concurrent prison terms of 1 to 10 years for the assault conviction and 6 to 20 years for the home invasion conviction. Petitioner also has a prior conviction for stalking, MICH. COMP. LAWS § 750.411h, and three prior convictions for domestic violence, MICH. COMP. LAWS § 750.814. Petitioner's action does not concern his criminal convictions; rather, he challenges the denial of his parole. The following Respondents are named in the petition: the Michigan Parole Board; Parole Board Members Jane Price and Amy Bonito; and Linda Tribley, Warden of the Ojibway Correctional Facility.

Petitioner claims that the earliest release date for his present offenses was March 13, 2014. On November 22, 2013, Parole Board Members Amy Bonito and Jane Price issued a Parole Board Notice of Decision denying him parole. Petitioner contends that his due process rights were violated when the parole board relied upon false and inaccurate information in making its decision to deny parole. He further claims that he is being denied access to a rehabilitative program that is required by the parole board in violation of his due process rights. In addition, Petitioner claims that, during his interview with Parole Board Member Price, she threatened that Petitioner's refusal to admit to a crime(s) for which he was not convicted would prevent him from being paroled.

Petitioner contends that denying him parole based upon his refusal to admit to an offense(s) for which he was never convicted violated his First Amendment right to freedom of speech and his Fifth Amendment right against self-incrimination.

Petitioner seeks declaratory and injunctive relief, including release from custody.

## Discussion

I.  **Relief in Habeas Proceedings**

Petitioner purports to bring his action both as a habeas corpus action brought under 28 U.S.C. § 2241 and as a civil rights action brought under § 1983. Petitioner, however, paid only the $5.00 filing fee applicable to a habeas corpus action.[2] Furthermore, Petitioner is barred from bringing his action under § 1983. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 494 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48

---

[2]The civil action filing fee is $350.00 for a prisoner proceeding *in forma pauperis* and $400.00 in all other cases.

-3-

(1997). However, in *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005), the Supreme Court clarified that §1983 remains available to a state prisoner for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner. In this case, Petitioner explicitly requests release from custody; therefore, he is barred from seeking relief under § 1983.

For the reasons set forth above, the Court will construe Petitioner's action only as a habeas corpus petition brought under 28 U.S.C. § 2241. The proper respondent in a habeas corpus action is the state officer who has custody of Petitioner. *See* Rule 2(a), RULES GOVERNING § 2254 CASES. Petitioner is in the custody of Warden Linda Tribley at the Ojibway Correctional Facility. Consequently, the Court will dismiss without prejudice the Michigan Parole Board, Jane Price and Amy Bonito.

II. **Fourteenth Amendment Due Process**

Plaintiff first claims that the parole board relied upon false and inaccurate information in denying his parole. To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006). Plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987).

-4-

Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. The Sixth Circuit reiterated the continuing validity of *Sweeton* in *Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). In *Crump*, the court held that the adoption of specific parole guidelines since *Sweeton* does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole. *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). In addition, the Sixth Circuit has rejected the argument that the Due Process Clause is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge. *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010). Finally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Until Plaintiff has served his 20-year maximum sentence, he has no reasonable expectation of liberty. The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11. Because Plaintiff has no liberty interest in being paroled, he cannot show that the false or inaccurate information was relied upon to a constitutionally significant degree. *See Caldwell v. McNutt*, No. 04-2335, 2006 WL 45275, at *1 (6th Cir. Jan. 10, 2006) ("[E]ven if the Parole Board relied on inaccurate information to deny Caldwell parole, it did not violate any liberty interest protected by the United States Constitution."); *Echlin v. Boland*, No. 03-2309, 2004 WL 2203550, at *2 (6th Cir. Sept. 17, 2004) (prisoner could

not bring a § 1983 action to challenge the information considered by the parole board because he has no liberty interest in parole); *see also Draughn v. Green*, No. 97-1263, 1999 WL 164915, at *2 (6th Cir. Mar. 12, 1999) (in order for the Due Process Clause to be implicated, false information in a prisoner's file must be relied on to a constitutionally significant degree); *Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996) (no constitutional violation by having false information placed in a prison file); *Carson v. Little*, No. 88-1505, 1989 WL 40171, at *1 (6th Cir. Apr. 18, 1989) (inaccurate information in an inmate's file does not amount to a constitutional violation). Consequently, the Parole Board's alleged reliance on false or inaccurate information did not violate Petitioner's due process rights.

Moreover, because Petitioner has no liberty interest in parole, his lack of access to a rehabilitative program required by the parole board fails to implicate the Due Process Clause. Furthermore, federal courts have consistently found that prisoners have no constitutionally protected liberty interest in prison rehabilitation programs based on the Fourteenth Amendment. *See, e.g.*, *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1995) (participation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (no constitutional right to rehabilitative services). Petitioner, therefore, fails to state a due process claim arising from the denial of his parole.

    III.    **First and Fifth Amendments**

Petitioner alleges that his First Amendment right to freedom of speech and his Fifth Amendment right against self-incrimination were violated when he was denied parole as a result of

his refusal to admit guilt to an offense(s) for which he was not convicted.  At this stage of the proceedings, the Court lacks sufficient information to decide Petitioner's claims.  Accordingly, the Court will order Respondent Tribley to answer the petition and provide relevant Rule 5 materials with regard to Petitioner's First and Fifth Amendment claims

## **Conclusion**

In light of the foregoing, the Court will dismiss Petitioner's Fourteenth Amendment due process claims pursuant to Rule 4 because they fail to raise a meritorious federal claim.  The Court also will dismiss the Michigan Parole Board, Jane Price and Amy Bonito without prejudice because they are not proper Respondents to this action.  Respondent Tribley will be ordered to answer the petition and provide relevant Rule 5 materials with regard to Petitioner's First and Fifth Amendment claims.

An Order consistent with this Opinion will be entered.


Dated:         1/28/2014                    /s/ R. Allan Edgar
                                            R. Allan Edgar
                                            United States District Judge