UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ARRON HERNANDEZ,

        Petitioner,                   Case No. 2:14-cv-21

v.                                          Honorable R. ALLAN EDGAR

LINDA TRIBLEY,

        Respondent.
_____/

## MEMORANDUM AND ORDER

Petitioner Arron Hernandez filed this petition for writ of habeas corpus challenging his failure to be released on parole.  Petitioner pleaded guilty in the Wayne County Circuit Court to assault with intent to do great bodily harm less than murder, MICH. COMP. LAWS § 750.84, and first-degree home invasion, MICH. COMP. LAWS § 750.110a(2).  On August 6, 2008, the trial court sentenced Petitioner to concurrent prison terms of 1 to 10 years for the assault conviction and 6 to 20 years for the home invasion conviction.  Petitioner also has a prior conviction for stalking, MICH. COMP. LAWS § 750.411h, and three prior convictions for domestic violence, MICH. COMP. LAWS § 750.814.  Petitioner's action does not concern his criminal convictions; rather, he challenges the denial of his parole.

Petitioner claims that the earliest release date for his present offenses was March 13, 2014.  Petitioner alleges that the Michigan Parole Board, ordered a "current psychological evaluation to determine risk of sexually reoffending."  Petitioner asserts that this was improper because he was not convicted of a sexual offense.  A social worker report dated October 18, 2013, indicated that

Petitioner was a "high risk for sexual re-offense."  Prior to the issuance of the report, Petitioner was interviewed by report author social worker Jeffrey Senk.  PageID.71-75.  Petitioner refused to confess that he had committed sexual offenses.  Petitioner contends that his refusal to admit to a crime that had been dismissed as part of his plea agreement, resulted in the report indicating that he is a high risk for sexually re-offending and was the reason that he was denied parole.  The reports states in part:

> To his detriment he was unwilling to talk about the sexual nature of his behavior at the time of the offense.  His rationale was that since he had not been convicted of those charges and since his lawyer advised him to invoke his 5th amendment protections this aspect of the offense did not apply.  This suggests a limited willingness to accept and acknowledge responsibility for his actions.  He also appears to be minimizing the extent to which he views his use of substances as problematic and it should be remembered that he has been cited for substance abuse-alcohol while in a prison environment as recently as within the last 12 months.  He has a history of violence within his interpersonal relationship that was long standing.  His overall behavior suggests a limited willingness to delay gratification.

PageID.  13.  On November 22, 2013, Parole Board Members Amy Bonito and Jane Price issued a Parole Board Notice of Decision denying him parole.  PageID.68-70.  The reasons for parole denial were many.  Petitioner was convicted of an assaultive crime that resulted in injury, involving a minor victim, using excessive force with an intention to permanently cause injury.  Petitioner's crime showed a reckless disregard for life, arose during a commission of another crime and involved a family member or acquaintance.  The crime was a crime of violence with malicious intent to intimidate.  The crime involved breaking and entering an occupied dwelling and was against a resident of the home that Petitioner unlawfully entered. It was the parole board members' belief that Petitioner minimized his responsibility for the crime.  Petitioner has a criminal history that includes violent misdemeanors, weapons violations, assaultive felony, traffic misdemeanors, and drug and alcohol crimes.  Petitioner has become progressively more dangerous since being involved in similar

juvenile crimes.   While in prison, Petitioner has been convicted of misconducts involving substance abuse.   Petitioner has a history of failing to report while on probation, assaultive behavior while on parole, and new criminal behavior during parole.   Petitioner has a history of substance abuse.   In denying parole it was recommended that Petitioner participate in vocation and training programs, enter substance abuse programming, engage in positive behavior, comply with recommendations for psychological screening, and therapeutic programming when referred.   Petitioner's remaining claim is that his First Amendment right to freedom of speech and his Fifth Amendment right against self-incrimination were violated when he was denied parole as a result of his refusal to admit guilt to an offense for which he was not convicted.

Petitioner alleges that his right against self-incrimination was violated when he was denied parole as a result of his refusal to admit guilt to the parole board.   This assertion is without merit.   It is well-settled that the Fifth Amendment right against self-incrimination is not implicated by the alleged pressure on a prisoner to admit, in order to improve his chances for parole, that he committed the crime(s) for which he is incarcerated. *See Hawkins v. Morse,* No. 98-2062, 1999 WL 1023780, at *2 (6th Cir. Nov. 4, 1999) (citing *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 285-88 (1998)). *See also Rice v. Mich. Parole Bd.*, No. 1:05-cv-549, 2005 WL 2297463, at *3-4 (W.D. Mich. Sept. 21, 2005) (Fifth Amendment extends only to proceedings in which answers might incriminate the individual in *future* criminal proceedings; therefore refusal to admit to crimes of which prisoner had already been convicted did not implicate Fifth Amendment) (emphasis in original).   Therefore, the Fifth Amendment is not implicated in this case because Petitioner can no longer be charged with criminal sexual conduct arising out of the underlying conduct that supports his convictions.   Petitioner entered into a plea agreement where the prosecutor agreed to drop the criminal sexual conduct charge in exchange for his plea to assault with intent to commit great bodily

3

harm less than murder and with home invasion. Petitioner cannot face a future charge of criminal sexual conduct arising from the conduct which supports his convictions. Moreover, Petitioner was not compelled to speak, he was merely given a choice to speak. *Ohio Adult Parole Auth.*, 523 U.S. at 286 (inmate not granted immunity for statements made during clemency interview "merely faces a choice quite similar to the sorts of choices that a criminal defendant must make in the course of criminal proceedings, none of which has ever been held to violate the Fifth Amendment." *Id.*

Petitioner also claims that his First Amendment rights have been violated because he was required to say that he is guilty of criminal sexual conduct, despite those charges being dropped, in order to improve his chance of parole. In *Hawkins*, 1999 WL 1023780, at *2, the Sixth Circuit affirmed the dismissal of a prisoner's similar First Amendment claim, stating that "the parole board's consideration of a prisoner's willingness to accept responsibility for committing a crime does not force [the prisoner] to admit his guilt. [The prisoner] is free to maintain his innocence." *Id.*; *see also Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *1 (6th Cir. Sept. 19, 2000) (reaffirming the decision in *Hawkins v. Morse*, 1999 WL 1023780, at *2). The Third Circuit addressed the issue in more detail. In *Newman v. Beard*, 617 F.3d 775, 781 (3d Cir. 2010), the court acknowledged that the First Amendment protects both the right to speak freely and the right not to speak at all. *Id.* (citing *Wooley v. Maynard*, 430 U.S. 705, 714 (1977)). The Amendment ordinarily prevents the state from "inquir[ing] about a man's views or associations solely for the purpose of withholding a right or benefit of what he believes." *Newman*, 617 F.3d at 781. As the Supreme Court repeatedly has recognized, however, incarceration necessarily "imposes restrictions on a prisoner's rights." *Id.* (quoting *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 129 (1977). A prisoner retains only those First Amendment rights that are not "inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822

(1974). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). The *Newman* court held that the prisoner failed to make the necessary showing under *Turner*. *See Newman*, 617 F.3d at 781.

Here, as in *Newman*, Petitioner fails to allege that the requirement that he admit guilt serves no legitmate penological purpose or is unrelated to rehabilitation. Moreover, the Supreme Court squarely has recognized that "'States . . . have a vital interest in rehabilitating convicted sex offenders' and 'acceptance of responsibility for past offenses' is a 'critical first step' in a prison's rehabilitation program for such offenders.'" *Id.* (quoting *McKune v. Lile*, 536 U.S. 24, 47 (2002). Petitioner claims that his admission of a sex crime would be false and it therefore is not relevant to his rehabilitation. However, because Petitioner entered a plea and was convicted of an assault offense, the state has no further burden of proving his guilt in relation to his eligibility for rehabilitation programs and parole. *Newman,* 617 F.3d at 781. Most importantly, Petitioner was not asked to admit to conduct that could support a conviction for criminal sexual conduct, but to admit to the factual circumstances that surrounded the crimes for which he was actually convicted. The fact that Petitioner's assault conviction may have some associated sexual behavior is certainly a relevant consideration when determining eligibility for parole. As a consequence, Petitioner fails to state a First Amendment claim.

Petitioner cites *King v. Davis*, 688 F. Supp. 2d 689 (E.D. Mich. 2009). In *King*, the district court held that a similar First Amendment claim had "arguable merit" because "having to admit guilt in order to participate in sex offender therapy is not a voluntary decision, given the consequences of not doing so." *Id.* at 691-92. The court noted that the state may not condition a benefit on the waiver of constitutionally protected rights. *Id.* at 692 (citing *Perry v. Sindermann*, 408

U.S. 593, 597 (1972)).  The court reasoned that "false admission of guilt surely would not facilitate the penological goal of rehabilitation," and noted that "there is some disagreement as to whether an inmate's admission of guilt leads to rehabilitation."  *Id.*  (citing Michigan Public Policy Update, Vol. 6, Issue 47 (Nov. 17-23, 2008), which states that a "prisoner's assertion of innocence should not, standing alone, be a basis for denying parole," because "[t]here is not objective verifiable evidence that an 'assertion of innocence' by an inmate increases the likelihood of recidivism").

The reasoning in *King v. Davis* is not persuasive.  Even if an *assertion of innocence* does not increase the likelihood of recidivism for inmates generally, the majority of justices of the Supreme Court recognized, in *McKune*, that *acceptance of responsibility* for a *sex offense* serves legitimate penological purposes.  Moreover, though Petitioner contends correctly that he is innocent of the CSC charge, he pleaded guilty to assault with intent to do great bodily harm less than murder. The government dismissed criminal sexual conduct charges as part of the plea agreement. Accordingly, the state may examine the underlying facts of Petitioners' assault conviction when making parole determinations, and it has no further burden of proving his guilt in order to demonstrate that acceptance of responsibility for that crime serves a legitimate penological interest. *See Newman,* 617 F.3d at 781.  For the foregoing reasons, therefore, the Court follows the reasoning in *Hawkins* and *Newman* and holds that Petitioner does not state a First Amendment claim.  Further, Petitioner ignores each of the other reasons that he was denied parole.  These reasons include his inability to previously comply with parole requirements, his substance abuse problem, his behavioral problems while confined in prison evidenced by his misconduct violations, his violent history, and the increasing severity of his past criminal actions.

Accordingly, the Petition is Dismissed.  It is further ordered that Petitioner's motion to expedite (ECF No. 16) is denied as moot.

In addition, if Petitioner should choose to appeal this action, a certificate of appealability is denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Memorandum and Order will be entered.

SO ORDERED.


Dated: __5/3/2016_____          _____*/s/ R. Allan Edgar*_____
                                                          R. ALLAN EDGAR
                                                          UNITED STATES DISTRICT JUDGE